UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:25-cv-02260-RGK-MAA | Date | April 22, 2025 |
|---|---|---|---|
| Title | *Dr. John Attenello MD APC v. UnitedHealthcare Insurance Company* | | |

| Present: The Honorable | R. GARY KLAUSNER, UNITED STATES DISTRICT JUDGE | | |
|---|---|---|---|
| Joseph Remigio | Not Reported | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |
| Attorneys Present for Plaintiff: | | Attorneys Present for Defendant: |
| Not Present | | Not Present |

**Proceedings:**     (IN CHAMBERS) Order Re: Motion to Dismiss [DE 8]

## I.     INTRODUCTION

On February 10, 2025, Dr. John Attenello MD APC ("Plaintiff") filed this action against UnitedHealthcare Insurance Company ("Defendant") in the Small Claims Court of the Superior Court of California, County of Los Angeles. (ECF No. 1.) Plaintiff alleges the following claims: (1) underpaid emergent/post stabilization emergent care for patient; (2) unjust enrichment and detrimental reliance; and (3) violation of Cal. Health & Safety Code §§ 1340, *et seq.* On March 13, 2025, Defendant removed the action to federal court based federal question jurisdiction and federal officer removal. (ECF No. 1.)

Presently before the Court is Defendant's Motion to Dismiss. (ECF No. 8.) For the following reasons, the Court **GRANTS** the Motion.

## II.     JUDICIAL STANDARD

Under Federal Rule of Civil Procedure ("Rule") 8(a), a complaint must contain a "short and plain statement of the claim showing that the [plaintiff] is entitled to relief." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). If a complaint fails to adequately state a claim for relief, the defendant may move to dismiss the claim under Rule 12(b)(6) to dismiss for failure to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570). A claim is facially plausible if the plaintiff alleges enough facts to allow the court to draw a reasonable inference that the defendant is liable. *Id.* A plaintiff need not provide detailed factual allegations, but must provide more than mere legal conclusions. *Twombly*, 550 U.S. at 555. However, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements do not suffice." *Iqbal*, 556 U.S. at 678.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:25-cv-02260-RGK-MAA | Date | April 22, 2025 |
|---|---|---|---|
| Title | *Dr. John Attenello MD APC v. UnitedHealthcare Insurance Company* | | |

### III. DISCUSSION

Plaintiff filed the instant action in Small Claims Court in Los Angeles Superior Court. Plaintiff's Complaint consists of an SC-100 form for initiating a claim in Small Claims Court. Defendant then removed this action to federal court. Although appropriate in Small Claims Court, a complaint in federal court must contain a "short and plain statement of the claim showing that the [plaintiff] is entitled to relief" to satisfy the Rule 8(a) requirement. *Twombly*, 550 U.S. at 555; Fed. R. Civ. P. 8(a). Although Plaintiff used the proper pre-printed form for its Complaint in Small Claims Court, it fails to provide sufficient information about its claims as required by Rule 8. Thus, the Court **DISMISSES** Plaintiff's Complaint in its entirety for failing to comply with Rule 8.

Additionally, it has been brought to the Court's attention that Plaintiff is a corporate entity being represented by John Attenello himself, a non-attorney *pro se* litigant. No organization or entity of any kind may appear in any action or proceeding unless represented by an attorney permitted to practice before the Court. L.R. 83-2.2.2; *Rowland v. Cal. Men's Colony*, 506 U.S. 194, 195 (1993). Accordingly, the Court **STRIKES** all filings by John Attenello.

Having dismissed the Complaint under Rule 8, leave to amend is proper. However, Plaintiff presumably needs time to retain counsel as well. As such, the Court shall give Plaintiff **60 days** from the date of this Order to retain counsel and file an amended complaint. Failure to do so may result in dismissal for lack of prosecution.

### IV. CONCLUSION

For the foregoing reasons, the Court **GRANTS** the Motion and **DISMISSES** the Complaint in its entirety **without prejudice**. Plaintiff shall have **60 days** from the date of this Order to retain counsel and have counsel file an amended complaint and, if Plaintiff so desires, refile its Motion to Remand. The Court additionally **STRIKES** Docket Entries 12, 13, 17, 18, 19, 20, 24, 25, 27, 28, 32, 33, 34, and 35.

**IT IS SO ORDERED.**

|  | : |  |
|---|---|---|
| Initials of Preparer | | MAL/sf |